UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW KIM and JONATHAN ROLLINS,
Individually and on behalf of all others
similarly situated,

        Plaintiffs,

                                  Civil Case No. 19-11185
v.                                 Honorable Linda V. Parker

DETROIT MEDICAL INFORMATICS, LLC,
d/b/a DMI,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 15)

Plaintiffs bring this lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and similar statutes in Illinois, Missouri, and Massachusetts. They allege that Defendant misclassified them and similarly situated workers as independent contractors to circumvent the protections of federal and state wage laws. Presently before the Court is Defendant's motion for judgment on the pleadings, filed pursuant to Federal Rule of Civil Procedure 12(c) on May 30, 2019. (ECF No. 15.) In the motion, Defendant argues that Plaintiffs' work in hospitals is exempt from the overtime wage requirements of the Massachusetts Overtime Act, Massachusetts General Laws Chapter 151,

Section 1A(16).  The motion has been fully briefed.  (ECF Nos. 17, 22.)  Finding

the legal arguments sufficiently presented in the parties' briefs, the Court is

dispensing with oral argument with respect to the motion pursuant to Eastern

District of Michigan Local Rule 7.1(f)(2).  For the reasons that follow, the Court

concludes that Plaintiffs' work is not exempt under Massachusetts law.

I.      **Standard of Review**

A motion for judgment on the pleadings pursuant to Rule 12(c) of the

Federal Rules of Civil Procedure is subject to the same standards of review as a

Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can

be granted.  *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).  A motion to

dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  *RMI*

*Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).  In deciding whether the plaintiff has set

forth a "plausible" claim, the court must accept the factual allegations in the

complaint as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  This presumption

is not applicable to legal conclusions, however.  *Iqbal*, 556 U.S. at 668.  Therefore,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing Twombly, 550 U.S. at 555).

## II. Factual Allegations

Defendant provides information technology education services for the healthcare industry across the United States. (Compl. ¶ 12, ECF No. 1 at Pg ID 3.) Between September 2016 and February 2018, Plaintiffs worked for Defendant as consultants, offering support and training to Defendant's clients in using new recordkeeping systems in Arizona, Massachusetts, Missouri, and Illinois. (*Id.* ¶ 7, Pg ID 3.) Plaintiff Andrew Kim also was assigned to hospitals in South Carolina. (*Id.* ¶ 24, Pg ID 6.) Plaintiffs specifically provided educational and support services to healthcare staff at hospitals in those states. (*Id*. ¶¶ 24, 25, Pg ID 6.)

Plaintiffs allege that Defendant classified them as independent contractors and paid them a set hourly rate for all hours worked. (*Id*. ¶ 26, Pg ID 26.) Plaintiffs further allege that they routinely worked more than forty hours in a workweek without receiving overtime for hours worked in excess of forty hours. (*Id*.) Plaintiffs assert that they were in fact employees of Defendant and not exempt from the overtime-pay requirements of the FLSA and similar state laws. (*Id*. ¶¶ 27-45, Pg ID 6-10.) According to Plaintiffs, Defendant's violations of federal and state law were willful. (*Id*. ¶¶ 50-51, Pg ID 12-13.)

Defendant trained Plaintiffs and provided Plaintiffs with the equipment necessary for them to perform their work. (*Id.* ¶ 29, Pg ID 7.) Defendant instructed Plaintiffs on how to perform their work and dictated the details of the performance of their jobs. (*Id.* ¶ 36, Pg ID 8.) Defendant billed its clients for Plaintiff's work. (*Id.*)

## III.    Applicable Law and Analysis

Like the FLSA, Massachusetts law requires employers to pay employees overtime hours for all hours worked in excess of forty in a workweek. Mass. Gen. Laws ch. 151, § 1A. Massachusetts law exempts from this requirement "[a]ny employee who is employed . . . in a hospital, sanitorium, convalescent or nursing home, infirmary, rest home or charitable home for the aged." *Id.* § 1(A)(16). Defendant moves to dismiss Plaintiffs' overtime claim under Massachusetts law, arguing that Plaintiffs are exempt because their work for Defendant was solely "in … hospital[s]."

"Generally, the party claiming an exemption from the provisions of a statute has the burden to show that it is entitled to the exemption." *Goodrow v. Lane Bryant, Inc.*, 732 N.E.2d 289, 294 (Mass. 2000). Defendant relies on the District Court for the District of Massachusetts' decision in *Norceide v. Cambridge Health Alliance*, 814 F. Supp. 2d 17 (2011), to meet its burden. There, the court held that

the plaintiffs, who were hospital employees, were exempt under Section 1(A)(16)

from the state's overtime law. *Id*. at 27-28.

The defendant in *Norceide* was a healthcare system comprised of three

hospitals, numerous clinics, primary care centers, and community health centers.

*Id.* at 19. The plaintiffs were employed by the defendant to work in its hospitals as

a unit secretary, a registered nurse, a pharmacy worker, and/or a Counselor and

Patient Access Representative. *Id.* The court held that the plaintiffs were all

" 'hospital' employees" and therefore not protected by the statute's overtime

provision. *Id*. at 27-28.

*Norceide* fails to establish that Plaintiffs, here, are exempt. The court in that

case did not decide whether non-hospital employees who work in a hospital are

exempt from the statute.[1] Plaintiffs were not " 'hospital' employees." Instead,

Plaintiffs were employees of Defendant's information technology company. This

---

[1] In all of the cases this Court located involving the hospital exemption in Section 1(A)(16), the plaintiffs were hospital employees and did not simply work in a hospital. *See Rueli v. Baystate Health, Inc.*, 835 F.3d 53 (1st Cir. 2016) (hospital nurses); *Manning v. Boston Med. Ctr. Corp.*, No. 09-cv-11724, 2011 WL 864798 (D. Mass. Mar. 10, 2011) (indicating that the plaintiffs "worked for" the defendant hospital system); *Cavallaro v. UMass Mem. Health Care, Inc.*, No. 09-cv-40181, 2010 WL 9433452, *1 (D. Mass. Dec. 20, 2010) ("This is an employment action concerning compensation for extra time allegedly worked by *hospital employees*") (emphasis added); *Tortolano v. Lemuel Shattuck Hosp.*, 109 N.E.3d 516, 519 n.3 (Mass. App. Ct. 2018) (noting that the trial court dismissed the plaintiff's claims under the state's overtime statute because the provision "does not apply to employees of a 'hospital.'").

Court does not believe that the "in hospital" exemption applies under these circumstances.

To begin, this Court must construe the Massachusetts Overtime Act "in accordance with the intent of the legislature." *Arias-Villanos v. Chang & Sons Enter., Inc.*, 118 N.E.3d 835, 837 (Mass. 2019) (internal quotation marks and citation omitted). The Court may "not overlay the words of [the] statute with a convention of statutory construction that would frustrate the general beneficial purposes of the legislation." *Mullally v. Waste Mgmt. of Mass., Inc.*, 895 N.E.2d 1277, 1281 (Mass. 2008) (internal quotation marks and citations omitted). The legislature's purpose in passing the overtime statute was "to reduce the number of hours worked, encourage the employment of more persons, and compensate employees for the burden of a long workweek." *Id.* " '[A]s a remedial measure, the overtime statute must be broadly construed in light of its purpose, which is in part to compensate for a long work week.' " *Arias-Villanos*, 118 N.E.3d at 837-38 (quoting *Casseus v. Eastern Bus Co.*, 89 N.E.3d 1184, 1194 (Mass. 2018)). Exemptions are "to be construed narrowly." *Id.* (citing *Woods v. Exec. Office of Cmtys. & Dev.*, 583 N.E.2d 845 (Mass. 1992)).

"When the Legislature uses the same term in the same section, or even in different statutory sections, the term should be given a consistent meaning throughout." *Commonwealth v. Hilaire*, 777 N.E.2d 804, 809 (Mass. 2002). As

such, the "in hospital" exemption must be construed similarly to the "in a restaurant" exemption in the Overtime Act. The District Court for the District of Massachusetts construed the latter term in *Parham v. Wendy's Company*, No. 14-cv-14367, 2015 WL 1243535 (Mar. 17, 2015).

In *Parham*, the plaintiff worked for the defendant as a maintenance technician. *Id*. at *1. His primary duty was to maintain the physical plant of Wendy's restaurants. *Id*. at *2. He performed this task by travelling to the various facilities. *Id*. *2. The plaintiff's other regular duties included "taking inventory of truck stock, purchasing parts from various suppliers, attending … in trainings or meetings, managing truck maintenance, writing self-evaluations, analyzing whether and when to replace equipment, and preparing timecards and other records." *Id*. The court held that the plaintiff was not employed "in a restaurant." *Id*. at *4-5.

While Defendant is correct that the district court in *Parham* relied in part on the fact that the plaintiff "performed work both inside and outside the restaurants, rather than strictly within their physical confines," *id.* at *5—which possibly distinguishes him from Plaintiffs who performed all of their work in hospitals—

this was not the only reason the court concluded the exemption did not apply.[2]  The

court further reasoned:

> Mr. Parham was not employed in a traditional restaurant
> occupation, such as a host, cashier, server, cook, or
> dishwasher.  Unlike those positions, Mr. Parham's work
> was not limited to a particular restaurant, and he did not
> report to an on-site restaurant manager but instead, to a
> regional maintenance manager and a National Director of
> Facilities.  Mr. Parham's job entailed traveling between
> various Wendy's restaurants …

*Id.* at \*4.  Plaintiffs, similarly, were not employed in traditional hospital

occupations.  Although doctors, they were not employed to perform the duties of

physicians in the hospitals where Defendant sent them to work.  (*See* Compl.

¶¶ 44-45, ECF No. 1 at Pg ID 10.)  Plaintiffs' work was not limited to a particular

hospital, or even hospital system.  (*Id.* ¶¶ 24-25, Pg ID 6.)  They traveled to

hospitals in various states.  (*Id.*)  Plaintiffs' Complaint reflects that all aspects of

their employment were controlled by Defendants rather than the hospitals;

---

[2]  Plaintiffs assert in their response brief that they attended Defendant's
trainings outside of the hospitals.  (*See* Pls.' Resp. Br. at 8, ECF No. 17 at Pg ID
95.)  While Plaintiffs do allege in their Complaint that Defendant provides training
to Plaintiffs, which Plaintiffs use to do their work, there are no allegations
reflecting where this training occurs.  If Plaintiffs amended their pleading to allege
that their duties included attending Defendant's trainings outside of hospitals, there
would be nothing distinguishing this case from *Parham*.  The Court does not find
such an amendment necessary, however.

Plaintiffs did not report to hospital administrators, but to Defendant. (*Id.* ¶¶ 36, 38.) As such, like Mr. Parham, Plaintiffs were not employed "in a hospital."

Further supporting this construction of the exemption is the interpretation afforded to similar exemptions under the FLSA. The Massachusetts' legislature intended the state's overtime statute "to be 'essentially identical' " to the FLSA. *Mullally*, 895 N.E.2d at 1281 (citing *Swift v. Autozone, Inc.*, 806 N.E.2d 95, 98 (Mass. 2004) (quoting *Valerio v. Putnam Assoc., Inc.*, 173 F.3d 35, 40 (1st Cir. 1999)). Therefore, the federal courts' construction of the FLSA must be given to the State's subsequent enactment. *Id.* (quoting *Poirier v. Superior Court*, 150 N.E.2d 558 (Mass. 1958) ("The adjudged construction by the Federal courts is to be given to the subsequent enactment by the Legislature.")).

The federal courts have held that "[u]nder the FLSA, an exemption that applies to an establishment covers only the employees who are employed 'by' that establishment. An employee who merely works 'in' the establishment will not be covered."[3] *Doe v. Butler Amusements, Inc.*, 71 F. Supp. 3d 1125, 1138 (N.D. Calif. 2014) (citing 29 C.F.R. § 779.309); *see also Mitchell v. Kroger Co.*, 248

---

[3] As originally enacted, the FLSA's exemption provisions referred to employees "engaged in" a particular establishment. *See* 29 C.F.R. § 779.307. The statute was later amended to exempt employees "employed by" those establishments to reflect that the exemptions do not apply to employees who, although actually working in the establishment, are not the establishment's employees. *Id.* §§ 779.307-.309; *see also Mitchell v. Kroger Co.*, 248 F.2d 935, 940 (8th Cir. 1957).

F.2d 935 (8th Cir. 1957).  In *Mitchell*, the Eighth Circuit considered whether

individuals employed by the defendant grocery chain to perform audits at its

various retail stores fell within the FLSA's exemption for "any employee

employed by any retail or service establishment …"  *Id*. at 939.  The court

concluded that the exemption "does not include those who happen to be engaged at

but not 'employed by' an exempt retail establishment, even though perchance they

might perform their functions literally inside the exempt establishment."  *Id*. at

940.  The *Mitchell* court concluded that the auditors were not employed by the

retail stores, explaining:

> Can it be said here that the auditors are employed by each
> of the retail stores? We think not. They are under the
> direction and control of the branch office, from which
> they receive their orders and to which they make their
> various reports. Applying the 'practical considerations'
> test, we think it must be conceded that they are not
> employed by the retail stores any more than the
> employees of warehouses and central offices of chain-
> store systems … At every point the auditors are under the
> jurisdiction of the branch office throughout their entire
> operations ….

*Id*. at 941.  The FLSA regulations similarly reflect the distinction between

employees who are employed by a retail establishment and those who are sent

there to perform work.  *See* 29 C.F.R. § 779.309 ("if [a] manufacturer sends one of

his employees to demonstrate to the public in a customer's exempt retail

establishment the products which he has manufactured, the employee will not be considered exempt . . ."

For all of these reasons, this Court holds that Plaintiffs are not exempt from the Massachusetts overtime statute, Mass. Gen. Laws ch. 151 § 1A(16).

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings (ECF No. 15) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 25, 2019