UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW KIM and JONATHAN ROLLINS,
Individually and on behalf of all others
similarly situated,

       Plaintiffs,

v.

       Civil Case No. 19-11185
       Honorable Linda V. Parker

DETROIT MEDICAL INFORMATICS, LLC,
d/b/a DMI,

       Defendant.
_____/

# OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION (ECF NO. 23) AND DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR EQUITABLE TOLLING (ECF NO. 30)

Plaintiffs bring this lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and similar statutes in Illinois, Missouri, and Massachusetts. They allege that Defendant misclassified them and similarly situated workers as independent contractors to circumvent the protections of federal and state wage laws. Presently before the Court are Plaintiffs' motion for conditional certification, filed July 2, 2019 (ECF No. 23), and Plaintiffs' motion for equitable tolling, filed October 18, 2019. (ECF No. 30.) Finding the legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with

oral argument with respect to both motions pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons that follow, the Court is granting in part and denying in part Plaintiffs' motion for conditional certification, but is denying without prejudice their motion for equitable tolling.

## I. Factual and Procedural Background

Defendant provides information technology education services for the healthcare industry across the United States. (Compl. ¶ 12, ECF No. 1 at Pg ID 3.) Between September 2016 and February 2018, Plaintiffs worked for Defendant as consultants, offering support and training to Defendant's clients in using new recordkeeping systems in Arizona, Massachusetts, Missouri, and Illinois. (*Id.* ¶ 7, Pg ID 3.) Plaintiffs specifically provided educational and support services to healthcare staff at hospitals in those states. (*Id.* ¶¶ 24, 25, Pg ID 6.)

Plaintiffs allege that Defendant classified them as independent contractors and paid them a set hourly rate for all hours worked. (*Id.* ¶ 26, Pg ID 26.) Plaintiffs further allege that they routinely worked more than forty hours a workweek without receiving overtime for hours worked in excess of forty hours. (*Id.*) Plaintiffs assert that they were in fact employees of Defendant and not exempt from the overtime-pay requirements of the FLSA and similar state laws. (*Id.* ¶¶ 27-45, Pg ID 6-10.) According to Plaintiffs, Defendant's violations of federal and state law were willful. (*Id.* ¶¶ 50-51, Pg ID 12-13.)

2

Plaintiffs initiated this action on April 24, 2019. On July 2, 2019, they filed their motion for conditional certification. (ECF No. 23.) In the motion, Plaintiffs seek to represent the following class of workers in this action:

> All individuals who worked for Detroit Medical Informatics, LLC d/b/a DMI providing training and support to Detroit Medical Informatics, LLC d/b/a DMI's clients in connection with the implementation of electronic recordkeeping systems in the United States and who did not receive overtime compensation for hours worked in excess of forty (40) per week from three years prior to the filing of this lawsuit to the present.

(Pls.' Mot. at 1, ECF No. 23 at Pg ID 123.) Plaintiffs also seek the Court's approval to (i) notify potential collective members of the lawsuit by regular United States mail and electronic mail, (ii) send reminder e-mails forty-five days after the original notice, (iii) allow potential collective members to electronically sign and return the court-approved notice to opt-in, and (iv) provide collective members ninety days to return the Opt-In form. Plaintiffs submit their declarations to explain why e-mail is the most practical method to inform collective members of this lawsuit. (*Id.* Exs. 1 & 2, ECF Nos. 23-2 & 23-3.)

In response, Defendant does not challenge Plaintiffs' request for conditional certification and "has agreed to conditional certification of a class of individuals alleged by Plaintiff[s] to be similarly-situated in this action …." (Def.'s Resp. Br. at 6, ECF No. 28, at Pg ID 293, emphasis removed.) However, as Defendant's proposed notice to the class reflects (*see id*. Ex. E, ECF No. 28-5), Defendant

wants to limit the action to individuals who worked for Defendant two years prior to the order granting certification and authorizing notice. Defendant also contends that Plaintiffs' proposed notice is akin to direct advertising by their counsel in violation of the model rules and Michigan's rules of professional conduct. (Def.'s Resp. Br. at 5-8, ECF No. 28 at Pg ID 292-96.)

Defendant further maintains that e-mail is an inappropriate method for communicating with potential collective members. Defendant asks the Court to strike the declarations provided by Drs. Kim and Rollins, arguing that their representations therein that regular mail is an inefficient and impossible method to communicate with them is inconsistent with legal obligations to which they have bound themselves under Georgia and South Carolina law.[1] Defendant also asks the Court to (i) limit the opt-in period to thirty days from the date of mailing, (ii) preclude Plaintiffs from sending a reminder and collective members from opting-in by electronically signing and submitting the opt-in form, and (iii) prohibit either

---

[1] Specifically, Defendant points out that Plaintiffs both interacted with Defendant through their corporate identities, which they registered under Georgia or South Carolina law; and, that Plaintiffs consented, under the laws of those states, to accept service via regular mail. (Def.'s Resp. Br. at 10-11, ECF No. 28 at Pg ID 297-98.) Defendant further points out that as medical doctors, Drs. Kim and Rollins are required to register their physical addresses with their state's medical licensing board. (*Id*. at 12, Pg ID 299.) Although the Court is unclear how this impacts the issues before it, Defendant asserts that "[s]ociety benefits when we know where to find [professional workers like them which are held to a higher standard of conduct]." (*Id*.)

party's counsel from communicating with putative class members about the case until after the expiration of the court-approved notice period. Defendant's proposed notice also warns potential collective members that by opting-in, they "consent to bear [their] pro-rata share of any litigation costs assessed against [them] if [their] claim is unsuccessful." (Def.'s Resp. Ex. E at 1, ECF No. 28-5 at Pg ID 312.)

On October 18, 2019, Plaintiffs filed their motion for equitable tolling, asking the Court to toll the statute of limitations in this case from the date they filed their motion for conditional certification until the date the Court rules on the motion. (ECF No. 30.) Defendant argues in response that Plaintiffs' request is premature. (ECF No. 31.)

## II.  Conditional Certification & Notice

The FLSA requires all qualifying employers to pay employees no less than the minimum wage and to compensate employees for hours worked in excess of forty per workweek at a rate not less than one-and-a-half times the regular rate of pay. 29 U.S.C. §§ 206(a)(1), 207(a)(1). The statute authorizes collective actions to recover damages for unpaid wages provided two conditions are satisfied: (1) the employees are "similarly situated" and (2) all plaintiffs provide written consent to becoming a party and such consent is filed with the court. 29 U.S.C. § 216(b). "This section provides a mechanism that is 'something akin to a class action.'"

*Torres v. Gristede's Operating Corp.*, No. 04-cv-3316, 2006 WL 2819730, at *7 (S.D.N.Y. Sept. 29, 2006) (citing *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 386 (W.D.N.Y. 2005)).

Nevertheless, there are differences between FLSA collective actions and class actions certified under Federal Rule of Civil Procedure 23. For one, "the collective action binds only potential plaintiffs who 'opt-in,' whereas Rule 23 requires class members to opt-out, if they wish not to be included." *Torres*, 2006 WL 2819730, at *7 (citing *Sipas v. Sammy's Fishbox, Inc.*, No. 05-cv-10319, 2006 WL 1084556, at *2 (S.D.N.Y. Apr. 24, 2006)). Second, the FLSA requires that employees be only "similarly situated," whereas Rule 23's requirements for class certification are more detailed and stringent. *Id*.

Courts within the Sixth Circuit and in other Circuits generally apply a two-step procedure for determining whether a FLSA case should proceed as a collective action. *See, e.g., Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 764 (N.D. Ohio 2015); *Watson v. Advanced Distrib. Servs., LLC*, 298 F.R.D. 558, 561 (M.D. Tenn. 2014); *see also Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006) (describing the two-step process). At the initial stage, the court applies a fairly lenient standard because it has minimal evidence. *Olivio v. GMAC Mortgage Co.*, 374 F. Supp. 2d 545, 548 (E.D. Mich. April 1, 2004).

At the first stage, commonly referred to as the notice stage or conditional certification, "the plaintiff must only 'make a modest factual showing' that [the plaintiff] is similarly situated to the other employees he [or she] is seeking to notify." *Waggoner*, 110 F. Supp. 3d at 764 (brackets added) (quoting *Comer*, 454 F.3d at 546-47.) The plaintiff is required to show only that his or her position is similar, not identical, to the other employees. *See Heibel v. U.S. Bank, N.A.*, No. 2:11-cv-00593, 2012 WL 4463771, at *3 (S.D. Ohio Sept. 27, 2012) (citations omitted). Although neither the FLSA nor the Sixth Circuit has defined "similarly situated," courts generally find plaintiffs similarly situated where "their claims [are] unified by common theories of [the employer's] statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009); *see also Olivio*, 374 F. Supp. 2d at 548 (Plaintiffs must show "they and potential plaintiffs together were victims of a common policy or plan that violated the law."). However, "[s]howing a 'unified policy' of violations is not required." *O'Brien*, 575 F.3d at 584.

This "'certification is conditional and by no means final.'" *Comer*, 454 F.3d at 546 (quoting *Pritchard v. Dent Wizard Int'l*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)). Finally, at this stage of the litigation, the court does not consider the merits, evaluate credibility, or resolve factual disputes. *See Heibel*, 2012 WL 4463771, at *3.

At the second stage, the court "examine[s] more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer*, 454 F.3d at 547. The court's focus is on whether the individuals who have opted into the litigation are similarly situated. *See Ruiz v. Citibank, N.A.*, 93 F. Supp. 3d 279, 297, (S.D.N.Y. 2015). The court may decertify the class if it determines at the second step that the plaintiffs are not similarly situated.

Plaintiffs have met the "modest factual showing" that they are similarly situated to other individuals who were classified as "exempt employees," worked more than forty hours a workweek, and were not paid overtime premiums under the FLSA. Defendant does not challenge Plaintiffs' ability to make this showing. In fact, in its Answer, Defendant indicates that it "seeks entry of an Order *Conditionally* Certifying a Collective Action pursuant to 29 U.S.C. § 216(b) ...." (Answer ¶ 114(a), ECF No. 12 at Pg ID 67, emphasis in original.)

As indicated above, however, Defendant does challenge the use of e-mail to notify potential collective members of this action, a follow-up reminder notice, the amount of time allowed to opt-in, the method for individuals to opt-in, and Plaintiffs' purported request for "direct, continuous, and unsupervised contact with putative class members[.]" (Def.'s Resp. Br. at 6-7, ECF No. 28 at Pg ID 293-94, emphasis removed.) Defendant also wants to limit the applicable statute of limitations to two, rather than three, years. Lastly, Defendant wants to warn

8

potential class members in the Notice that, if they opt-in and their claims are unsuccessful, they "consent to bear [their] pro-rata share of any litigation costs assessed against [them] …" (*Id.*, Ex. E, ECF No. 28-5.) "'The district court has discretion regarding the form and content of the notice'" provided to potential opt-in FLSA plaintiffs. *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 76 (E.D.N.Y. 2016) (quoting *In re Penthouse Exec. Club Comp. Litig.*, No. 10 Civ. 1145, 2010 WL 4340255, at *5 (S.D.N.Y. Oct. 27, 2010); *see also Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006) (citing *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989)) ("The Supreme Court has noted that the 'details' of notice should be left to the broad discretion of the trial court.").

To begin, the Court finds nothing to suggest that Plaintiffs' counsel intends to engage in unprofessional or unethical communications with potential collective members. Absent evidence of inappropriate communications, the Court finds unwarranted Defendant's request for a blanket order "prohibiting either party's counsel from communicating with putative class members about the case until after the expiration of the court-approved notice period" (*see* Def.'s Resp. Br. at 16, ECF No. 28 at Pg ID 303). *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981) (holding that "an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights

of the parties."). The Court also does not find the asserted inconsistency between Drs. Kim's or Rollins' declarations and their agreement to accept service via regular mail in connection with their businesses or medical board certifications. Thus, the Court rejects Defendant's request to strike their declarations. But their declarations are not even necessary for the Court to conclude that e-mail is an appropriate method of service.

"Accurate and timely notice concerning the pendency of a collective action promotes judicial economy because it discourages class members from filing numerous identical suits and allows them to pursue their claims in one case where the same issues of law and fact are already being addressed." *Petty v. Russell Cellular, Inc.*, No. 2:13-cv-1110, 2014 WL 1308692, at *5 (S.D. Ohio Mar. 28, 2014) (citing *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)). Courts nationwide now recognize that e-mail notice increases the likelihood that all potential opt-in plaintiffs will receive notice of the lawsuit and "advances the remedial purpose of the FLSA." *Atkinson v. TeleTech Holdings, Inc.* No. 3:14-cv-253, 2015 WL 853234, at * 5 (S.D. Ohio Feb. 26, 2015) (citation omitted) (noting that sending notice via regular U.S. mail *and* e-mail to *all* potential opt-in plaintiffs "appears to be in line with the current nationwide trend"). Defendant—which is in the business of electronic recordkeeping systems—cannot possibly dispute that

electronic methods of communicating and sending and receiving information dominate today's society.

The use of electronic signatures to opt-in also is consistent with our electronic age. The federal courts have required attorneys to sign all filings electronically since the implementation of the Case Management/Electronic Case Filing system in 2003. The Federal Rules of Civil Procedure allow the submission of electronic signatures. Fed. R. Civ. P. 5(d)(3)(C). The Uniform Electronics Transactions Act (UETA) and the Electronic Signatures in Global and National Commerce (E–SIGN) Act have legitimized the use of e-mail as a binding method of conducting business, and the Federal Rules of Evidence recognize a print-out of an email to be an original document. *See* Fed. R. Evid. 1001(3). Requiring individuals to print and sign their Consent to Join forms and then submit the forms via regular U.S. mail would only serve to discourage potential collective members from joining the litigation and thus would not advance the purposes of the FLSA. Defendant's concern that the communication to potential collective members will include "a hyperlink in the body titled 'Click Here to Claim Cash'" (Def.'s Resp. Br. at 13, ECF No. 28 at Pg ID 300) is unwarranted and out of touch with the manner in which many contracts and documents are executed today.

Because notice will be sent via two methods—regular United States mail and e-mail—the Court finds a reminder notice unnecessary and redundant. *See*

*Wlotkowski v. Mich. Bell Tel. Co.*, 267 F.R.D. 213, 220 (E.D. Mich. 2010) (agreeing with *Witteman v. Wis. Bell, Inc.*, No. 09-cv-440, 2010 WL 446033, at *3 (W.D. Wis. Feb. 2, 2010), that a reminder is "'unnecessary and potentially could be interpreted as encouragement by the court to join the lawsuit.'"); *see also Ganci v. MBF Inspection Servs., Inc.*, No. 2:15-cv-2959, 2016 WL 5104891, at *2 (S.D. Ohio Sept. 20, 2016) (citing cases in which courts rejected reminder notices).

The Court also finds Defendant's proposed warning in the notice concerning potential fees and costs unnecessary and, in fact, improper. Courts in this District and elsewhere routinely refuse to include such references, finding that it "may deter an employee from participating, and that adverse effect is disproportionate to the burden they may face by joining the action." *McKinstry v. Developmental Essential Servs., Inc.*, No. 2:16-cv-12565, 2017 WL 815666, at *3 (E.D. Mich. Mar. 2, 2017) (citing *Bath v. Red Vision Sys., Inc.*, 2:13-02366, 2014 WL 2436100, at *7 (D.N.J. May 29, 2014) and *Guzman v. VLM, Inc.*, No. 07-cv-1126, 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007)); *see also Hall v. U.S. Cargo & Courier Serv., LLC*, 299 F. Supp. 3d 888, 898 (S.D. Ohio 2018) (including cost information is inappropriate and could unfairly dissuade potential class members from participating in the action).

Plaintiffs propose an opt-in period of ninety days. Defendant seeks to limit the period to thirty days. The efficiency of using e-mail to notify potential

12

collective members of their right to opt-in to this lawsuit and to allow them to opt-in suggests that Plaintiffs' proposed period is unnecessarily long. On the other hand, limiting the opt-in period to thirty days seems unnecessarily short and insufficient to enable individuals interested in opting in to do so. Sixty days should be sufficient, while also moving the case along expeditiously.

Finally, the parties disagree as to whether the class definition should reflect a two- or three-year limitations period. The FLSA establishes a general two-year statute of limitations, but the limitations period is extended to three years for "willful" violations. 29 U.S.C. § 255(a). A violation is "willful" when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute[.]" *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

Where the plaintiff alleges that the employer's violations were willful, but willfulness is disputed, as is the case here, courts in this district and elsewhere generally find that a three-year limitations period is appropriate to use in the notice to potential class members. *See, e.g., Benion v. Lecom, Inc.*, No. 15-cv-14367, 2016 WL 2801562, at *11 (E.D. Mich. May 13, 2016) (citing *Colley v. Scherzinger Corp.*, No. 15-720, 2016 WL 1388853, at *4 (S.D. Ohio Apr. 6, 2016)); *Matthews v. ALC Partner, Inc.*, No. 08-cv-10636, 2009 WL 10680524, at *3 (E.D. Mich. Oct. 27, 2009) (citing cases from other districts concluding that three-year

13

limitations period should be used for notice purposes). As Judge Murphy reasoned in *Matthews*:

> Given the fact that opt-in notice at this early stage of the litigation is to be construed broadly in furtherance of the remedial purposes of the FLSA … and the fact that it would be prudent to cast a wider net with respect to potential plaintiffs at the early stage, and then limit the class—if appropriate—in the second phase of the collective action process, the Court will apply a three-year statute of limitations period for potential members of the exempt classes.

*Matthews*, 2009 WL 10680524, at *3 (internal citation omitted). The Court finds this reasoning sound and will likewise apply a three-year limitations period when defining the conditional class.

## III. Equitable Tolling

Plaintiffs ask the Court to enter an order tolling the statute of limitations from the date their motion for conditional certification was fully briefed until the date the motion is decided. Plaintiffs make this request because the FLSA's statute of limitations continues to run until an individual consents to opt-in to a filed lawsuit. *See* 29 U.S.C. § 256. Tolling preserves the extinction on statute of limitations grounds of potentially meritorious claims by potential plaintiffs who are not yet aware of the action.

The doctrine of equitable tolling "permits courts to extend the statute of limitations on a case-by-case basis to prevent inequity." *Baden-Winterwood v. Life*

*Time Fitness*, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007) (citing *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). Whether to invoke equitable tolling in a particular case lies within the court's discretion; however, the Sixth Circuit has warned that the doctrine should be used "sparingly." *Robertson v. Simpson*, 624 F.3d 781, 784 (2010) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). Typically, "equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys*, 209 F.3d at 561-62 (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)).

The Sixth Circuit has identified five factors for courts to consider in deciding whether equitable tolling is appropriate:

> (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing [his or] her rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Jackson v. United States*, 751 F.3d 712, 719 (6th Cir. 2014) (citing *Truitt*, 148 F.3d at 648). This list "is not necessarily comprehensive, and not all factors are relevant in all cases." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The plaintiff bears the burden of showing that equitable tolling should be invoked. *Id.* at 718-19 (citations omitted).

Plaintiffs do not address any of the relevant factors in their motion requesting equitable tolling. In fact, until potential class members are identified, it is impossible to know whether any of the factors support the use of the doctrine here. For that reason, "[m]ost District Judges in [the Sixth Circuit] have concluded that it is improper to equitably toll the claims of potential opt-in plaintiffs who are not yet before the court." *Brittmon v. Upreach, LLC*, 285 F. Supp. 3d 1033, 1046 (S.D. Ohio 2018) (collecting cases); *see also Matthews*, 2009 WL 2591497, at *8 (concluding that the five factor analysis is not "suitable for preemptive, one-size-fits-all application to a group of as-yet-unidentified potential plaintiffs"). Once individuals opt-in, the Court can apply the relevant factors to determine whether equitable tolling is appropriate with respect to their claims.

## IV. Conclusion

For the reasons stated, the Court is conditionally certifying the following FLSA collective class:

> All individuals who worked for Detroit Medical Informatics, LLC d/b/a DMI providing training and support to Detroit Medical Informatics, LLC d/b/a DMI's clients in connection with the implementation of electronic recordkeeping systems in the United States and who did not receive overtime compensation for hours worked in excess of forty (40) per week from three years prior to the filing of this lawsuit to the present (the "FLSA Collective" or "Collective").

Notice to the Collective shall be consistent with this Opinion and the Orders set forth below.

The Court finds Plaintiffs' motion for equitable tolling to be premature. Requests for equitable tolling may be renewed, if necessary, at a later time.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Equitable Tolling (ECF No. 30) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice (ECF No. 23) is **GRANTED IN PART AND DENIED IN PART** in that

(a) Within ten (10) days from the date of this Opinion and Order, Defendant shall produce to Plaintiffs' counsel a list of names, mailing addresses, and email addresses for the putative class members as defined above.

(b) The Notice and Opt-In Consent Form submitted by Plaintiffs are approved, except they shall be modified to reflect that any member of the Collective shall have sixty (60) days from the initial date of mailing of the Notice and Opt-In Consent Form to return a copy of the Opt-In Consent Form to Plaintiffs' counsel for filing.

(c) Within five days of receiving the Collective list from Defendant, Plaintiffs' counsel shall cause the Notice and Opt-In Consent Forms to be mailed

and e-mailed, at their expense, to the Collective. Plaintiffs' counsel shall provide notice to Defendant when the Notice and Opt-In Consent Forms have been mailed and e-mailed.

(d)  Opt-In Consents will be deemed to be filed on the day they are stamped as received by Plaintiffs' counsel, unless they are received by regular mail, in which case they must be postmarked within sixty (60) days from the initial date of mailing.

(e)  The Notice and Opt-In Consent Form will be the only means by which the Parties and their counsel will communicate with putative class members regarding opting in to this lawsuit, except that this order shall in no way limit Plaintiffs' counsel from communicating with its existing clients or individuals who contact them for advice or representation.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 25, 2019